**DEREK SMITH LAW GROUP, PLLC**
IAN M. BRYSON, ESQUIRE
Attorney ID: 321359
450 7th Avenue, 30th Floor
New York, NY 10123
Direct: (267) 857-0849
ian@dereksmithlaw.com
*Attorneys for Plaintiff, Kenneth Ehiogie*

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| KENNETH EHIOGIE,<br><br>     Plaintiff,<br><br> v.<br><br>TRUIST FINANCIAL CORP.,<br>TRUIST BANK, and<br>JARED ALVIS,<br><br>     Defendants. | Civil Action No.<br><br>JURY TRIAL DEMANDED<br><br>**COMPLAINT** |

Plaintiff, Kenneth Ehiogie, (hereinafter referred to as "Plaintiff"), by and through his attorneys, Derek Smith Law Group, PLLC, hereby complains of Defendants Truist Financial Corp. (hereinafter referred to as "TFC"), Truist Bank (hereinafter referred to as "TB"), and Jared Alvis, individually, (hereinafter referred to as "Alvis")(hereinafter collectively referred to as "Defendants"), upon information and belief, as follows:

**NATURE OF THE ACTION**

1. Plaintiff complains pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e to 2000e-17 ("Title VII") and the Pennsylvania Human Relations Act, 43 P.S. §§ 951-963 ("PHRA"). Plaintiff seeks compensatory damages, punitive damages, statutory penalties, pre-

1

and post-judgment interest, and reasonable attorneys' fees and costs to redress the injuries Plaintiff has suffered as a result of *inter alia* unlawful employment discrimination based on sex, together with sexual harassment, hostile work environment, retaliation, and unlawful termination.

## JURISDICTION AND VENUE

2. Jurisdiction of this action is conferred upon this Court pursuant to 28 U.S.C. §§ 1331 because it involves questions of federal law under Title VII.

3. This Court has supplemental jurisdiction over the State law causes of action pursuant to 28 U.S.C. § 1367 because they arise from the same nucleus of operative facts as Plaintiff's Title VII claims.

4. Venue is proper in this District because the events or omissions which give rise to the claims asserted herein occurred here and Defendants are subject to personal jurisdiction here.

5. Plaintiff timely filed charges of discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging violations of Title VII and the PHRA.

6. More than one year has elapsed since the PHRC assumed jurisdiction over Plaintiff's charges. As such, on December 4, 2025, the PHRC granted Plaintiff the right to bring an action based on the alleged violations of the PHRA contained in Plaintiff's Commission complaint.

7. On January 9, 2026, the EEOC issued Plaintiff a Notice of the Right to Sue ("RTS").

8. Plaintiff has timely filed this action within ninety days of receiving the RTS and has complied with all administrative prerequisites to bring this lawsuit.

**PARTIES**

9. Plaintiff Kenneth Ehiogie is an individual man who is a resident of the Commonwealth of Pennsylvania.

10. At all times material, Defendant Truist Financial Corp. was and is a foreign business corporation duly existing by virtue of the laws of the State of North Carolina that conducts business in the Commonwealth of Pennsylvania.

11. At all times material, Defendant Truist Bank was and is a foreign business corporation duly existing by virtue of the laws of the State of North Carolina that conducts business in the Commonwealth of Pennsylvania.

12. At all times material, Defendant TFC operated as Defendant TB's parent company, thereby exercising ownership and control over Defendant TB. Upon information and belief, Defendant TFC and Defendant TB share common management, centralized control of labor relations, common ownership, and interrelated operations, such that they constitute a single integrated enterprise within the meaning of the applicable law.

13. As such, at all times material, Defendant TFC and Defendant TB (hereinafter referred to collectively as "Truist") jointly employed Plaintiff within the meaning of the applicable law.

14. At all times material, Truist employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, and is therefore an "employer" within the meaning of Title VII, 42 U.S.C. § 2000e(b).

15. At all times material, Truist employed Jared Alvis as Retail Area Leader I (referred to internally as a regional manager). Alvis is an individual man.

16. At all times material, Alvis had supervisory authority over Plaintiff with regard to his employment, including the ability to hire and terminate Plaintiff.

3

17. As both the individual who subjected Plaintiff to unlawful harassment and the individual who effectuated Plaintiff's termination, Alvis was at all times material the harasser and the decision-maker with respect to the tangible employment action taken against Plaintiff.

## MATERIAL FACTS

18. In or around February 2022, Defendants hired Plaintiff as a Relationship Banker at their 901 Fayette Street, Conshohocken, Pennsylvania 19428 location. Plaintiff's responsibilities included, but were not limited to, dispensing cash, facilitating deposits and withdrawals, account maintenance, addressing customer complaints, opening new accounts and lines of credit, and completing sales calls.

19. Truist's Retail Area Leader, Alvis, was responsible for visiting a number of Truist's branch locations, including the one at which Plaintiff worked.

20. In or around the end of 2023 and throughout the beginning of 2024, during several of Alvis' visits to Plaintiff's branch, Alvis specifically went to Plaintiff's desk and purposefully brushed Alvis' hands against Plaintiff's hands and arms.

21. At all times material, Alvis' unwanted touching made Plaintiff feel extremely uncomfortable and violated. However, due to Alvis' high position within the company, Plaintiff reasonably feared that he would be retaliated against if he reported Alvis.

22. In or around the spring of 2024, Alvis called Plaintiff's branch and spoke to one of Plaintiff's supervisors on the phone, who in turn informed Plaintiff that Alvis had requested that Plaintiff meet Alvis at a nearby off premises Panera Bread restaurant. Plaintiff was highly confused by Alvis' strange request, but, believing that he would be fired if he refused, Plaintiff traveled to the Panera Bread restaurant per Alvis' instructions.

23. Upon arriving to the restaurant, Plaintiff saw that Alvis was sitting alone in a booth, waiting for Plaintiff. Plaintiff hesitantly sat across from Alvis.

24. Immediately upon Plaintiff sitting down, Alvis began bombarding Plaintiff with compliments and promises.

25. By way of example, Alvis informed Plaintiff, **"I love your work ethic. I like how you go about things at your branch."**

26. By way of further example, Alvis informed Plaintiff, **"With your qualifications and experience, I can facilitate your promotion to branch manager. I'm in charge of it."**

27. Alvis proceeded to begin rubbing Plaintiff's hands and wrists, which were placed on the table in front of him.

28. When Plaintiff defensively removed his hands from the table, Alvis began stroking his feet on Plaintiff's legs and ankles under the table.

29. Alvis then informed Plaintiff, **"I like you a lot. I think you're so attractive. I'd like to get together."**

30. In response, Plaintiff informed Alvis, "I cannot be with you in the way you want."

31. Plaintiff, who was beyond distressed and mortified by Alvis' unwanted sexual comments and conduct, made an excuse to leave and stood from the table.

32. Before Plaintiff had the chance to leave, Alvis informed Plaintiff, **"I could help you in a lot of ways. Think about it more and give me a call."**

33. Plaintiff ignored Alvis' sexual advance, exited the restaurant, and returned to work at his branch location.

34. Upon information and belief, Defendants have falsely characterized the off-premises meeting as having been arranged to discuss workplace concerns regarding Plaintiff's direct manager.

At no time during the meeting did Alvis discuss any work-related issues with Plaintiff, nor did Plaintiff raise any concerns about his manager. The meeting was orchestrated by Alvis solely to pursue his unwanted sexual interest in Plaintiff outside the workplace.

35. At all times material, Plaintiff's verbal rejection constituted opposition to Defendants' unlawful conduct.

36. Defendants subjected Plaintiff to repeated instances of sexual harassment and a severe and pervasive hostile work environment.

37. Shortly after Plaintiff rejected Alvis' sexual advances, on or about June 4, 2024, Alvis personally terminated Plaintiff's employment. At the time of his termination, Alvis informed Plaintiff only that he had committed an unspecified policy violation and provided no further details.

38. Upon information and belief, Defendants have belatedly claimed that Plaintiff's termination was based on alleged violations of Truist's policies and Code of Ethics, including a purported fraudulent transaction processed by Plaintiff. These reasons are pretextual. No such allegations were raised with Plaintiff at the time of or prior to his termination, no investigation was conducted with Plaintiff's involvement prior to his termination, and the purported reasons were manufactured after the fact to disguise the true retaliatory motive for Plaintiff's discharge.

39. Alvis' own statements to Plaintiff during the Panera Bread meeting, including that he "love[d]" Plaintiff's work ethic and wished to facilitate Plaintiff's promotion, constitute admissions that Plaintiff was performing his job satisfactorily. At no time prior to his termination did Plaintiff receive any discipline, written warning, or negative performance evaluation.

40. The temporal proximity between Plaintiff's rejection of Alvis' sexual advances and his termination, combined with the absence of any legitimate documented basis for the discharge, gives rise to a strong inference of unlawful discrimination and retaliation.

41. Defendants discriminated against Plaintiff on the basis of his sex, together with subjecting him to sexual harassment, a hostile work environment, retaliation, and unlawful termination.

42. As a result of Defendants' conduct, Plaintiff felt extremely degraded, humiliated, victimized, and emotionally distressed.

43. As a result of Defendants' discriminatory and intolerable treatment, Plaintiff suffered and continues to suffer severe emotional distress and physical ailments.

44. As a result of the acts and conduct complained of herein, Plaintiff has suffered and will continue to suffer the loss of income, loss of a salary, bonuses, benefits, and other compensation which such employment entails.

45. Plaintiff has also suffered future pecuniary losses, emotional pain, suffering, inconvenience, loss of enjoyment of life, and other non-pecuniary losses.

46. As Defendants' conduct has been malicious, willful, outrageous, and conducted with full knowledge of the law, Plaintiff demands punitive damages against all Defendants, jointly and severally.

47. The above are just some of the examples of unlawful and discriminatory conduct to which Defendants subjected Plaintiff.

<u>**AS A FIRST CAUSE OF ACTION**</u>
<u>**FOR SEX DISCRIMINATION**</u>
<u>**UNDER TITLE VII**</u>
<u>**(AGAINST THE "TRUIST" DEFENDANTS)**</u>

48. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

49. Title VII, 42 U.S.C. § 2000e-2(a) provides that it shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

50. At all times material, Plaintiff was qualified for his position and performed his job satisfactorily.

51. Defendants subjected Plaintiff to adverse employment actions, including termination, because of Plaintiff's sex.

52. Defendants' conduct was motivated by unlawful sex-based considerations, including Plaintiff's rejection of sexual advances made by a supervisory employee with authority over Plaintiff's continued employment.

53. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SECOND CAUSE OF ACTION
### FOR SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT
### UNDER TITLE VII
### (AGAINST THE "TRUIST" DEFENDANTS)

54. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

55. Title VII, 42 U.S.C. § 2000e-2(a) provides that it shall be an unlawful employment practice for an employer:

"(1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin…"

56. Defendants subjected Plaintiff to unwelcome sexual conduct based on sex, including unwanted touching, sexually suggestive comments, and propositions made by a supervisory employee.

57. The harassment was severe and pervasive, objectively offensive, and created an intimidating, hostile, and abusive working environment.

58. The harassment unreasonably interfered with Plaintiff's work performance and altered the conditions of his employment.

59. The harassing conduct was committed by a supervisor with authority to affect the terms and conditions of Plaintiff's employment, including the ability to terminate him.

60. As a direct result of Defendants' unlawful conduct, Plaintiff suffered substantial damages.

**AS A THIRD CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER TITLE VII**
**(AGAINST THE "TRUIST" DEFENDANTS)**

61. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

62. Title VII, § 2000e-3(a) provides that it shall be unlawful employment practice for an employer: "(1) to . . . discriminate against any of his employees . . . because he has opposed any practice made an unlawful employment practice by this subchapter, or because he has made a charge, testified, assisted or participated in any manner in an investigation, proceeding, or hearing under this subchapter."

63. Plaintiff engaged in protected activity when he opposed and rejected unlawful sexual advances and harassment.

64. Shortly thereafter, Defendants subjected Plaintiff to an adverse employment action by terminating his employment.

9

65. The temporal proximity between Plaintiff's protected activity and his termination illustrates a causal connection.

66. Defendants engaged in unlawful employment practices by terminating Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

67. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FOURTH CAUSE OF ACTION
## FOR SEX DISCRIMINATION
## UNDER THE PHRA
## (AGAINST ALL DEFENDANTS)

68. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

69. The Pennsylvania Human Relations Act § 955(a) provides that it shall be an unlawful discriminatory practice for an employer:

"…because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment…"

70. Defendants engaged in unlawful employment practices by discriminating against Plaintiff on the basis of his sex, together with subjecting him to sexual harassment and a hostile work environment based on the same.

71. Defendants violated the above and Plaintiff suffered numerous damages as a result.

## AS A FIFTH CAUSE OF ACTION

10

**FOR SEXUAL HARASSMENT/HOSTILE WORK ENVIRONMENT**
**UNDER THE PHRA**
**(AGAINST ALL DEFENDANTS)**

72. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

73. The Pennsylvania Human Relations Act § 955(a) provides that it shall be an unlawful discriminatory practice for an employer:

"…because of the race, color, religious creed, ancestry, age, sex, national origin or non-job related handicap or disability or the use of a guide or support animal because of the blindness, deafness or physical handicap of any individual or independent contractor, to refuse to hire or employ or contract with, or to bar or to discharge from employment such individual or independent contractor, or to otherwise discriminate against such individual or independent contractor with respect to compensation, hire, tenure, terms, conditions or privileges of employment…"

74. Defendants subjected Plaintiff to unwelcome sexual conduct that was severe, pervasive, and objectively offensive.

75. The conduct created a hostile and abusive working environment and unreasonably interfered with Plaintiff's employment.

76. As a direct result of Defendants' unlawful conduct, Plaintiff suffered substantial damages.

**AS A SIXTH CAUSE OF ACTION**
**FOR RETALIATION**
**UNDER THE PHRA**
**(AGAINST ALL DEFENDANTS)**

77. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

11

78. The Pennsylvania Human Relations Act § 955(d) provides that it shall be an unlawful discriminatory practice for an employer:

"…to discriminate in any manner against any individual because such individual has opposed any practice forbidden by this act, or because such individual has made a charge, testified or assisted, in any manner, in any investigation, proceeding or hearing under this act."

79. Defendants engaged in unlawful employment practices by terminating Plaintiff because of Plaintiff's opposition to the unlawful employment practices of Defendants.

80. Defendants violated the above and Plaintiff suffered numerous damages as a result.

### AS A SEVENTH CAUSE OF ACTION
### FOR AIDING AND ABETTING
### UNDER THE PHRA
### (AGAINST JARED ALVIS)

81. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

82. The Pennsylvania Human Relations Act § 955(e) provides that it shall be an unlawful discriminatory practice:

"…to aid, abet, incite, compel or coerce the doing of any act declared by this section to be an unlawful discriminatory practice, or to obstruct or prevent any person from complying with the provisions of this act or any order issued thereunder, or to attempt, directly or indirectly, to commit any act declared by this section to be an unlawful discriminatory practice."

83. Defendant Alvis engaged in unlawful employment practices by aiding, abetting, inciting, compelling and coercing the discriminatory conduct.

84. Defendant Alvis violated the above and Plaintiff suffered numerous damages as a result.

12

**AS AN EIGHTH CAUSE OF ACTION**
**FOR BATTERY**
**(AGAINST JARED ALVIS)**

85. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

86. Defendant Alvis willfully and offensively touched and battered Plaintiff without his consent, as described herein.

87. Plaintiff suffered numerous damages as a result.

**AS A NINTH CAUSE OF ACTION**
**FOR ASSAULT**
**(AGAINST JARED ALVIS)**

88. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

89. Defendant Alvis intended to cause Plaintiff to apprehend imminent harmful contact from Defendant Alvis and did cause Plaintiff to apprehend imminent harmful contact from Defendant Alvis.

90. Plaintiff suffered numerous damages as a result.

**AS A TENTH CAUSE OF ACTION**
**FOR INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS**
**(AGAINST ALL DEFENDANTS)**

91. Plaintiff repeats and re-alleges each and every allegation contained in the above paragraphs of this complaint as if more fully set forth herein at length.

92. Defendants' conduct was atrocious and intolerable in a civilized society.

93. Defendants' conduct was so outrageous in character and extreme in degree so as to go beyond all possible bounds of decency.

13

94. Plaintiff suffered severe and lasting psychological harm as a direct and intended consequence of Defendants' unlawful conduct.

95. Plaintiff suffered numerous damages as a result.

## JURY DEMAND

Plaintiff requests a jury trial on all triable issues.

**WHEREFORE**, Plaintiff respectfully requests a judgment against the Defendants:

A. Declaring that the Defendants engaged in unlawful employment practices prohibited by Title VII and the PHRA, and that Defendants discriminated against Plaintiff on the basis of his sex, together with subjecting Plaintiff to sexual harassment, hostile work environment, retaliation, and unlawful termination;

B. Awarding damages to Plaintiff, retroactive to his date of unlawful termination, for all lost wages and benefits, past and future, back pay and front pay, resulting from Defendants' unlawful employment practices;

C. Awarding Plaintiff compensatory damages for mental, emotional and physical injury, distress, and pain and suffering;

D. Awarding Plaintiff punitive damages against all Defendants, jointly and severally;

E. Awarding Plaintiff attorneys' fees, costs, and expenses incurred in the prosecution of this action;

F. Awarding Plaintiff such other and further relief as the Court may deem equitable, just and proper to remedy the Defendants' unlawful employment practices.

Date:    March 26, 2026
         New York, New York

                                                    Respectfully Submitted,

                                                    **DEREK SMITH LAW GROUP, PLLC**

                                                    _Ian M. Bryson, Esquire_
                                                    Ian M. Bryson, Esquire
                                                    450 7th Avenue, 30th Floor,
                                                    New York, New York 10123
                                                    (267) 857-0849

15